IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv10-FDW

| | | |
|---|---|---|
| JOY DUCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DUKE ENERGY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint (Doc. No. 1), and Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on January 10, 2012. For the reasons explained below, the Court GRANTS Plaintiff's IFP Motion (Doc. No. 2) for the limited purpose of reviewing the Complaint and DISMISSES Plaintiff's Complaint sua sponte against Defendant.

First, as for Plaintiff's IFP Motion, the court has carefully considered Plaintiff's affidavit which shows a gross yearly income of $11,424. Review of the 2011 Health and Human Services Poverty Guidelines provides that for a household of one person, that income less than $10,890.00 falls below the federal poverty measure as determined by the government. See

http://www.aspe.hhs.gov/poverty/11poverty.shtml. While Plaintiff falls above the poverty line, it does not appear that she has funds with which to pay the required filing fee at this time. The court will, therefore, grant Plaintiff *in forma pauperis* status.

Having allowed Plaintiff to proceed *in forma pauperis*, the Court has conducted a review of the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Initially, the court notes that Plaintiff's allegations are written on a form for actions brought under 42 U.S.C. §§ 1983 and 1985. Section 1983 actions can only be brought against persons acting under color of state law; with a few narrow exceptions, it is not a vehicle for suing private actors such as defendant Duke Energy. United Auto Workers, Local No. 5285 v. Gaston Festivals Inc., 43 F.3d 902, 906 (4th Cir. 1995). Therefore, plaintiff's complaint must be dismissed for this reason alone.

Additionally, although Plaintiff's lawsuit is brought as a Section 1983

action, it appears to be in the nature of an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. That is, Plaintiff alleges that "In a class held on August 31, 2011 . . . at Duke Energy Kings Mountain Training Facility, a racial slur was stated by the instructor Dave Berg, as the plaintiff was leaving, stating 'sometimes monkeys gets dismissed.' Also answers were erased from tests causing low scores." (Docket No. 1, Compl. ¶ C.) Plaintiff alleges in Count I fn the complaint that her claim is "Discrimination based on racial slurs." (Id. ¶ D.) Finally, Plaintiff lists her injuries as "emotional injuries, stress and hair loss caused by the actions of the defendant." (Id. ¶ E.) These allegations are simply insufficient to state a claim, even if plaintiff had brought this action under Title VII. Specifically, Plaintiff does not allege whether she was an employee of Duke Energy and whether she was terminated from employment or otherwise suffered from any adverse employment action. Furthermore, Title VII requires plaintiffs to exhaust their administrative remedies by first filing a charge with the U.S. Equal Employment Opportunity Commission, and there is no indication that Plaintiff has done that in this case. The court will, therefore, *sua sponte* dismiss Plaintiff's complaint without prejudice to Plaintiff to refile the action as a Title VII action after she has first exhausted her administrative remedies.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendant because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The dismissal is without prejudice to Plaintiff to bring a lawsuit pursuant to Title VII after exhausting her available administrative remedies. The Clerk is directed to close the case;

4. The Clerk of Court is instructed to send a copy of this Order to Plaintiff at her address of record.

**IT IS SO ORDERED**.

Signed: January 18, 2012

Frank D. Whitney
United States District Judge